UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10690 PA (SKx) | Date | May 1, 2020 |
|---|---|---|---|
| Title | Kenneth Davidson v. Calixito Calderon, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **Order to Show Cause Re: Dismissal For Lack Of Prosecution**

On March 23, 2020, the Court issued an order requiring Plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution. (Dkt. 13.) On March 30, 2020, Plaintiff filed a Proof of Service with the Court stating that defendant Calixito Calderon ("Calderon") had been served on February 5, 2020 and his Answer was due on February 26, 2020. (Dkt. 14.)

The Court then issued a second Order to Show Cause on March 30, 2020 because Calderon had not filed an Answer to the Complaint within 21 days after service. (Dkt. 16 (citing Fed. R. Civ. P. 12(a)(1)).) The Court ordered Plaintiff to show cause in writing on or before April 10, 2020, why this action should not be dismissed, as to Calixito Calderon, for lack of prosecution. (Id.) The Court explicitly warned Plaintiff, "Failure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint." (Id.) As of today's date, which is well beyond the April 10th deadline set by the Court, Plaintiff has filed no response to the Court's March 30th Order to Show Cause.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10690 PA (SKx) | Date | May 1, 2020 |
|---|---|---|---|
| Title | Kenneth Davidson v. Calixito Calderon, et al. | | |

Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

      Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss Plaintiff's claims against Defendant Calderon. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The third Henderson factor at least marginally favors dismissal because Defendant may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991.

      Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file a response by the deadline stated in the Court's Order to Show Cause. Nevertheless, Plaintiff has taken no action whatsoever. Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

      The Court finds that Plaintiff has failed to comply with the Court's Order to Show Cause and therefore abandoned his claims against Defendant Calderon. The Court therefore dismisses all claims against Defendant Calderon without prejudice for lack of prosecution and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

      IT IS SO ORDERED.